# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

## HOUSTON DIVISION

| | |
|---|---|
| JOSHUA DEANTHONY WOODSON,<br><br>　　*Plaintiff,*<br><br><br>　　　　　　　　v.<br><br><br>LAKEVIEW LOAN SERVICING, LLC,<br><br>LOANCARE, LLC,<br><br>ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS,<br>PLLC, and<br><br>SHIANN SHINELLA WOODSON,<br><br>　　*Defendants.* | Case No.: _____<br><br>**JURY TRIAL DEMANDED**<br><br><u>**COMPLAINT FOR DAMAGES AND**</u><br><u>**INJUNCTIVE RELIEF**</u><br><br>**FOR:**<br><br>1. Violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c)<br><br>2. Violation of RICO Conspiracy, 18 U.S.C. § 1962(d)<br><br>3. Violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*<br><br>4. Violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605<br><br>5. Breach of Contract<br><br>6. Declaratory Judgment - Mortgage Nullification |

## I. PARTIES

1.  **Plaintiff JOSHUA DEANTHONY WOODSON** ("Joshua") is a natural person and citizen of the State of Texas, residing at 16518 Pentonshire Ln, Houston, TX 77090.

2.  **Defendant LAKEVIEW LOAN SERVICING, LLC** ("Lakeview") is a foreign limited liability company with its principal place of business at 1601 Sawgrass Corporate Parkway, Suite 500, Sunrise, FL 33323. It is the creditor and alleged owner of the mortgage at issue.

3.  **Defendant LOANCARE, LLC** ("LoanCare") is a foreign limited liability company with its principal place of business at 3637 Sentara Way, Virginia Beach, VA 23452. It acted as the loan servicer for the subject mortgage.

4.  **Defendant ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC** ("RAS Legal Group") is a professional limited liability company organized under the laws of New York with its principal place of business at 6409

1

Congress Avenue, Suite 100, Boca Raton, FL 33487. It was retained by Defendants to initiate and prosecute foreclosure proceedings against the Plaintiff. This defendant operates under the DBA "RAS Legal Group."

**5.** Defendant **SHIANN SHINELLA WOODSON** ("Shiann") is a natural person and resident of the State of Texas, residing at 3011 Old Fort Rd, Sugar Land, TX 77479. She is a co-borrower on the subject mortgage and holds a legal and equitable interest in the property located at 16518 Pentonshire Ln, Houston, TX 77090. She is joined as a **Nominal Defendant** pursuant to Federal Rule of Civil Procedure 19(a) because she is a required party who refuses to voluntarily join this action as a Plaintiff. *No monetary damages are sought from Shiann.*

## II. JURISDICTION AND VENUE

**6.** This Court has original jurisdiction over this action pursuant to 18 U.S.C. § 1964(a) and (c) (civil RICO), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1367 (supplemental jurisdiction).

**7.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to these claims occurred here, and the Plaintiff resides here.

## III. DEFENDANTS' HISTORY OF UNLAWFUL PRACTICES AND LITIGATION

Defendants Lakeview, LoanCare, and RAS Legal Group have a documented history of unlawful business practices, demonstrating a pattern of misconduct that establishes their participation in the RICO enterprise alleged herein. The following class actions and lawsuits provide evidence of Defendants' systematic approach to defrauding consumers and violating federal and state laws.

| Defendant(s) | Case Name / Type | Allegations / Key Issues | Status / Outcome |
|---|---|---|---|
| LoanCare & Lakeview | *Williams v. Lakeview Loan Servicing, LLC, et al.* (Case No. 4:20-cv-01900, S.D. Tex.) | Charging illegal "Pay-to-Pay" fees (up to $12) for phone payments, violating the Texas Debt Collection Act (TDCA). | **Summary judgment granted for plaintiffs** (Sept. 2023). Court ruled fees were not authorized by loan agreements or law. |
| LoanCare | Data Breach Litigation (2023 Cyber Incident) | Failing to secure personal information of ~1.3 million individuals in a "preventable" 2023 data breach. | **$5.9 million settlement** reached (as of Sept. 2025). |
| LoanCare | Credit Reporting & Foreclosure Class Action (N.Y. homeowner) | "Willfully" furnishing false information to credit agencies and making improper foreclosure threats. | Active (Filed Aug. 2023). |
| Lakeview | Data Breach Class Action (2021 Cybersecurity Incident) | Compromising the personal information of more than **2.5 million customers** due to inadequate data security. | Active (Filed in S.D. Fla.). |
| RAS Legal Group | *Owens et al. v. Robertson, Anschutz,* | Alleged violations of the Fair Debt Collection Practices Act (FDCPA). | Active (Filed June 2024). |

|  | Schneid, Crane & Partners, PLLC et al. (Case No. 1:24-cv-07142, D.N.J.) |  |  |
|---|---|---|---|
| **LoanCare** | *Six v. LoanCare, LLC et al.* (Case No. 5:21-cv-00451, S.D. W. Va.) | Charging unlawful "Pay-to-Pay" fees to borrowers who made mortgage payments online or by phone, in violation of West Virginia consumer protection laws. | Active class action demonstrating systematic unauthorized fee collection. |

This pattern of litigation demonstrates that each Defendant regularly engages in unlawful business practices. The successful judgment against **LoanCare** and **Lakeview** in *Williams v. Lakeview Loan Servicing* establishes that their fee-charging practices have already been adjudicated as unlawful in this very district. The data breach settlements further demonstrate their disregard for consumer privacy and data security.

**RAS Legal Group's** involvement in FDCPA litigation shows their pattern of unlawful debt collection practices, which aligns perfectly with their conduct in the instant case. Together, these cases establish the "pattern of racketeering activity" necessary to support the RICO claims herein.

---

## IV. FACTUAL ALLEGATIONS & RICO ENTERPRISE

**8.** Defendants Lakeview, LoanCare, and RAS Legal Group constituted an associated-in-fact **enterprise** (the "Enterprise") as defined by 18 U.S.C. § 1961(4). The Enterprise operated as an ongoing organization with a common purpose: to systematically obstruct borrowers' rights to cure mortgage defaults and facilitate foreclosures through coordinated fraudulent schemes.

**Defendants' Documented History of Unlawful Fee Practices:** As established in Section III, Defendants LoanCare and Lakeview have a documented and persistent history of implementing predatory and unlawful business practices. Most notably, in *Williams v. Lakeview Loan Servicing, LLC, et al.*, a federal district court in Houston, Texas, granted summary judgment against Lakeview and LoanCare, finding that their practice of charging "Pay-to-Pay" fees of up to $12 for processing monthly mortgage payments by phone was not authorized by the borrowers' loan agreements and violated the Texas Debt Collection Act. This ruling directly demonstrates a systemic approach to extracting improper profits from borrowers through unauthorized fees —a pattern that continues in the instant case.

*See Williams v. Lakeview Loan Servicing, LLC, et al., Case No. 4:20-cv-01900 (S.D. Tex.) (summary judgment granted Sept. 2023).*

**9.** **March 30, 2020:** Plaintiff obtained a mortgage loan secured by the property located at 16518 Pentonshire Ln, Houston, TX 77090.

**10.** **November 2024:** Plaintiff fell behind on mortgage payments due to financial hardship, becoming two to three months delinquent by January 2025.

**11.** **January 2025:** LoanCare engaged in predatory practices by deliberately disabling Joshua's online account access portal. This intentional obstruction occurred while Joshua was not under any active payment plan or special agreement, demonstrating a systematic pattern of impeding borrowers' ability to conveniently monitor their accounts, make payments, or cure defaults. This calculated deprivation of digital access forced Joshua to rely on inefficient communication channels, creating unnecessary barriers to resolving the delinquency and facilitating the subsequent foreclosure scheme.

3

12. **February 20, 2025:** **LoanCare** issued a forbearance letter offering three months of $0.00 payments. Joshua received the letter around March 4, 2025 and accepted the terms before the March 6, 2025 deadline, establishing a valid forbearance agreement covering March, April, and May 2025.

13. **May 9, 2025:** **LoanCare** engaged in fraudulent inducement during a telephone call by offering Plaintiff a "Trial Payment Plan" conditioned on the dismissal of his active bankruptcy case, making false representations about the terms and outcome. The LoanCare representative informed Joshua that dismissing his bankruptcy protection was the only way to become eligible for the Trial Payment Plan, a predatory tactic designed to strip him of bankruptcy protections and place him at the mercy of foreclosure proceedings.

14. **May 12, 2025:** Relying on **LoanCare's** false representations, Joshua dismissed his bankruptcy case, leaving him vulnerable to the Defendants' predatory foreclosure tactics.

15. **May 28, 2025:** **RAS Legal Group**, acting on behalf of **Lakeview** and **LoanCare**, committed the **first privacy violation** by mailing foreclosure papers to an unauthorized address in Arkansas (20 Becca Rd, Suite #1, Ward, AR 72176) where Joshua was listed as the registered agent for TAZMAX LLC, a single-member LLC owned by his business partner Cody Garrett that had been inactive since May 5, 2025. This mailing constituted a **breach of the forbearance agreement** which was set to conclude on May 31, 2025, as the agreement covered three full calendar months (March, April, and May 2025) and the next regular payment was not due until June 1, 2025. By forwarding the matter to the foreclosure department on May 28, 2025, Defendants prematurely initiated foreclosure proceedings before the forbearance period had expired. Joshua has never resided at this Arkansas address, and this address was never on file with the mortgage company as an authorized communication address.

16. **June 2, 2025:** Joshua's business partner discovered the May 28, 2025 foreclosure notice at the unauthorized Arkansas address and notified Joshua of the privacy breach, completing the first incident of unauthorized disclosure.

17. **June 16, 2025:** **LoanCare** engaged in a deceptive review process while the home was in active foreclosure, falsely claiming no mortgage assistance application had been filed despite previous verbal agreements regarding partial modification and payment supplement plans.

18. **June 26, 2025:** Joshua contacted **RAS Legal Group** requesting a reinstatement letter and immediate payment opportunity to cure the default. The Firm obstructed his payment and denied his request for the balance, engaging in coordinated obstruction by providing conflicting debt amounts.

19. **June 27, 2025:** **RAS Legal Group** represented that after Joshua sends his ID via email, it would take 7 days to process and then they would email the reinstatement letter.

20. **June 27, 2025:** Joshua immediately complied and sent his ID via email, but **RAS Legal Group** failed to provide the reinstatement letter as promised after the 7-day processing period.

21. **July 3, 2025:** In coordination with the delay tactic, **LoanCare** created a fraudulent "Partial Claim" document package designed to coerce a settlement and waive legal rights. The LoanCare Partial Payment Plan was ambiguous, written in unclear and vague language, and contained predatory terms including failure to stipulate interest rates for the second loan and requiring Joshua to sign away his litigation rights under duress.

22. **July 10, 2025:** Defendants attempted coercive settlement through the Partial Claim package containing a litigation waiver clause designed to strip Plaintiff of his legal rights and shift responsibility for Defendants' errors and misconduct onto Joshua.

23. **June 27 – July 22, 2025:** **RAS Legal Group** executed its deliberate delay scheme, taking 25 days to produce the

4

reinstatement letter instead of the promised 7 days, intentionally preventing Plaintiff from curing the default.

24.  **July 22, 2025: RAS Legal Group** finally provided the reinstatement letter, strategically timing its delivery just 3 days before the coercive Partial Claim deadline, and providing a fifth, conflicting amount owed.

25.  **July 23, 2025:** Plaintiff drafted formal rejection of the fraudulent Partial Claim package.

26.  **July 24, 2025:** Plaintiff formally rejected the fraudulent Partial Claim package via certified mail.

   Tracking Information: USPS Tracking #9589071052702379197494
   Status: Delivered July 28, 2025 at 1:08 PM, Pompano Beach, FL
   To: LoanCare LLC / Outamation, Inc., 5401 N University Dr, Ste 104, Coral Springs, FL 33067
   From: Joshua DeAnthony Woodson, 16518 Pentonshire Ln, Houston, TX 77090

27.  **August 25, 2025: LoanCare** sent Plaintiff a "Non-Approval - Trial Payments Not Made" letter stating: "You were recently approved for an FHA Recovery Modification/Partial Claim trial plan program. This trial plan required completion of three consecutive trial payments. Our records indicate that you did not make the trial payments as required and the proposed retention option is no longer available."

28.  **September 10, 2025:** Joshua discovered the August 25, 2025 LoanCare Non-Approval letter, which created confusion as Plaintiff had been attempting to obtain reinstatement figures and cure the default rather than pursue a trial payment plan.

29.  **September 10, 2025: RAS Legal Group** committed the **second privacy violation** by again mailing foreclosure-related documents to the unauthorized Arkansas address (20 Becca Rd, Suite #1, Ward, AR 72176), repeating the FDCPA violation first committed on May 28, 2025.

30.  **September 15, 2025:** Joshua's business partner Cody Garrett discovered the September 10, 2025 mailing at the unauthorized Arkansas address, confirming that Defendants had violated Joshua's privacy for a second time and completing the second incident of unauthorized disclosure. The document sent was a "Notice of Substitute Trustee's Sale."

31.  **September 17, 2025:** Joshua discovered that **RAS Legal Group** had sent nine (9) certified letters of the same content to his residence between September 10-12, 2025, constituting harassment through excessive communication within a short two-day period.

32.  **September 18, 2025:** Joshua discovered that **RAS Legal Group** had sent his foreclosure papers to his biological father in Atlanta, Georgia, at an address where Joshua has never resided.

33.  **September 20, 2025:** Joshua was notified by other extended relatives that they had received his foreclosure papers from **RAS Legal Group,** confirming widespread unauthorized disclosure of his private financial information.

34.  **September 25, 2025:** Cody Garrett received a final notice from USPS to pick up certified mail requiring signature that was issued to Joshua Woodson. While regular mail that didn't require signature had been left in the mailbox, this signature-required package was not retrieved since Cody Garrett lacked authorization to sign for Joshua's personal legal documents. This further demonstrates the harassment and privacy violations inherent in Defendants' pattern of unauthorized communications.

35.  These actions demonstrate a pattern of intentional harassment and malice by **RAS Legal Group,** who systematically disclosed Joshua's confidential financial information to unauthorized third parties across state lines (Texas, Arkansas, and Georgia) without legal authorization.

36.  Defendants' actions, including sending communications to multiple unauthorized addresses and delays in providing reinstatement figures, have impaired Plaintiff's ability to effectively exercise his rights to cure the default and have caused significant emotional distress, embarrassment, and humiliation.

**37.** The Enterprise engaged in a pattern of racketeering activity including multiple predicate acts of mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343) through their coordinated scheme to obstruct Plaintiff's rights and facilitate foreclosure.

## V. LEGAL VIOLATIONS

Defendants' actions described above constitute violations of multiple federal and state laws, including but not limited to:

### 1. Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c) and (d)

Through their pattern of racketeering activity involving multiple predicate acts of mail and wire fraud spanning state lines.

### 2. Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

Specifically:

a) §1692c(b) - Communication with third parties without prior consent

b) §1692d - Harassment or abuse through excessive communications

c) §1692e - False or misleading representations

d) §1692f - Unfair or unconscionable means to collect debt

### 3. Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605

Failure to respond with due diligence to qualified written requests and obstruction of loss mitigation applications.

### 4. Breach of Contract

Violation of the forbearance agreement by initiating foreclosure proceedings before the agreement expiration date of May 31, 2025.

### 5. Gramm-Leach-Bliley Act (GLBA), 15 U.S.C. § 6801 et seq.

Unauthorized disclosure of nonpublic personal information to third parties without proper safeguards.

### 6. Texas Debt Collection Act, Tex. Fin. Code § 392 et seq.

Harassing debt collection practices violating Texas state law.

### 7. Invasion of Privacy

Unreasonable intrusion upon seclusion and public disclosure of private facts.

### 8. Intentional Infliction of Emotional Distress

Extreme and outrageous conduct intended to cause severe emotional distress.

## VI. CLAIMS FOR RELIEF

### COUNT I: VIOLATION OF RICO, 18 U.S.C. § 1962(C)

### (AGAINST DEFENDANTS LAKEVIEW, LOANCARE, AND RAS LEGAL GROUP)

**38.** Plaintiff realleges and incorporates by reference all preceding paragraphs.

**39.** Defendants Lakeview, LoanCare, and RAS Legal Group constituted an "enterprise" as defined by 18 U.S.C. § 1961(4) with an ongoing structure and common purpose of obstructing borrowers' rights to facilitate foreclosures.

**40.** Each Defendant, through the pattern of racketeering activity detailed above, conducted or participated in the conduct of the Enterprise's affairs, in violation of 18 U.S.C. § 1962(c). The pattern includes at least the following predicate acts:

a) Mail fraud on May 28, 2025 (foreclosure papers to unauthorized Arkansas address)

b) Wire fraud on June 27, 2025 (false representations about reinstatement letter processing)

c) Mail fraud on July 22, 2025 (delayed reinstatement letter)

d) Mail fraud on September 10, 2025 (second mailing to unauthorized Arkansas address)

e) Mail fraud on September 10-12, 2025 (nine certified letters to residence)

f) Mail fraud (discovered September 18, 2025) (mailing to biological father in Georgia)

g) Mail fraud (discovered September 20, 2025) (mailing to other extended relatives)

**41.** Plaintiff has suffered injury to his business and property by reason of these RICO violations, including monetary damages, emotional distress, and the imminent threat of losing his home through the Enterprise's fraudulent foreclosure scheme.

**COUNT II: RICO CONSPIRACY, 18 U.S.C. § 1962(D)**

**(AGAINST DEFENDANTS LAKEVIEW, LOANCARE, AND RAS LEGAL GROUP)**

**42.** Plaintiff realleges and incorporates by reference all preceding paragraphs.

**43.** Defendants knowingly and intentionally conspired and agreed to violate 18 U.S.C. § 1962(c) by participating in the Enterprise's pattern of racketeering activity.

**COUNT III: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692**

***ET SEQ.***

**(AGAINST RAS LEGAL GROUP AND LOANCARE)**

**44.** Plaintiff realleges and incorporates by reference all preceding paragraphs.

**45.** RAS Legal Group is a "debt collector" under 15 U.S.C. § 1692a(6) because it regularly collects or attempts to collect debts owed to others through foreclosure proceedings.

**46.** RAS Legal Group repeatedly violated 15 U.S.C. § 1692c(b) by communicating with third parties about Plaintiff's debt without prior consent:

a) May 28, 2025: Mailed foreclosure papers to unauthorized Arkansas address

b) September 10, 2025: Again mailed foreclosure documents to unauthorized Arkansas address

c) September 18, 2025 (discovery date): Mailed foreclosure papers to biological father in Georgia

d) Multiple instances of mailing to other extended relatives (discovered September 20, 2025)

**47.** Defendants violated 15 U.S.C. § 1692e by making false representations about the processing time for reinstatement letters, promising 7-day processing followed by email delivery but taking 25 days to provide the letter.

**48.** Defendants violated 15 U.S.C. § 1692d by engaging in conduct with the natural consequence of harassing, oppressing, or abusing Plaintiff, including:

    a) Sending nine certified letters of the same content within a two-day period

    b) Systematically disclosing private debt information to multiple unauthorized third parties

    c) Causing embarrassment and humiliation through unauthorized disclosures

## COUNT IV: VIOLATIONS OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA), 12 U.S.C. § 2605

### (AGAINST LOANCARE AND LAKEVIEW)

**49.** Plaintiff realleges and incorporates by reference all preceding paragraphs.

**50.** As loan servicers, Defendants failed to respond with due diligence to Plaintiff's requests for information and obstructed his ability to obtain accurate reinstatement figures in a timely manner, violating their duty under 12 U.S.C. § 2605.

## COUNT V: BREACH OF CONTRACT

### (AGAINST LOANCARE AND LAKEVIEW)

**51.** Plaintiff realleges and incorporates by reference all preceding paragraphs.

**52.** Defendants breached the forbearance agreement by initiating foreclosure proceedings on May 28, 2025, three days before the agreement's expiration date of May 31, 2025. The agreement covered three full calendar months (March, April, and May 2025) with the next payment not due until June 1, 2025.

## COUNT VI: DECLARATORY JUDGMENT - MORTGAGE NULLIFICATION

**53.** Plaintiff realleges and incorporates by reference all preceding paragraphs.

**54.** The Defendants' collective actions, including RICO violations, fraud, systematic violations of federal law, breach of contract, and attempts to defraud Plaintiff, have rendered the mortgage unenforceable. Plaintiff is entitled to a declaratory judgment voiding the mortgage and note.

---

## VII. PRAYER FOR RELIEF

    WHEREFORE, Plaintiff JOSHUA DEANTHONY WOODSON respectfully requests that this Court enter judgment in his favor and against Defendants Lakeview Loan Servicing, LLC, LoanCare, LLC, and Robertson, Anschutz, Schneid, Crane & Partners, PLLC, as follows:

    a) Award **compensatory damages** in an amount to be proven at trial;

    b) Award **treble damages** under RICO, 18 U.S.C. § 1964(c);

    c) Issue a **declaratory judgment** nullifying the mortgage and ordering clear title to Plaintiff;

    d) Issue an **injunction** prohibiting Defendants from pursuing foreclosure;

    e) Award **pre- and post-judgment interest** as allowed by law;

    f) Award **costs and reasonable attorneys' fees**; and

    g) Grant **such other and further relief** as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Respectfully submitted,

Date:    09-29-25

*Joshua Woodson*

**Joshua DeAnthony Woodson, Plaintiff Pro Se**

**16518 Pentonshire Ln**

**Houston, TX 77090**

**Jwoodson1333@gmail.com**

**(432) 528-5771**

**RULE 11 CERTIFICATION**

I hereby certify that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, this pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

**Joshua DeAnthony Woodson**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served upon all parties or their counsel of record by the method(s) indicated below:

☐ U.S. Mail, postage prepaid

· ☐ Hand delivery

☐ Facsimile transmission

☐ Electronic mail

☐ Other: _____

This _____ day of _____, 2025.

**Joshua DeAnthony Woodson**