United States District Court
Southern District of Texas
**ENTERED**
March 20, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Joshua Deanthony Woodson, | § § § § | |
| *Plaintiff,* | § § | Civil Action No. 4:25-cv-04700 |
| v. | § § § | |
| Lakeview   Loan   Servicing,   LLC, et al., | § § § | |
| *Defendants.* | § § § | |

## ORDER ON PROLIFERATE FILINGS AND OTHER ISSUES

At the March 20, 2026 initial conference, the undersigned explained that Plaintiff Joshua DeAnthony Woodson has bombarded the Court and the other parties with dozens of filings that are redundant, improper, or otherwise meritless. Many of his submissions are invalid or improper on their face. Just as examples, Woodson filed a "Notice Regarding Potential Scope of Class Action," Dkt. 75, even though this is not a class-action case. He filed a motion essentially asking for a blank check to correct any defective filing that he may submit in the future, and for a categorical exemption from the requirement that he confer with other parties. *See* Dkt. 47. Woodson even filed a "notice" accusing one of defendant's attorneys of engaging in "unauthorized practice of law," Dkt. 62, despite Woodson's own recognition that the attorney is duly licensed to practice in this State, *see id.* at 1, and despite this Court's records

confirming that the attorney has been admitted to practice in this Court (indeed, the attorney otherwise could not have even filed documents in this case). And Woodson has filed motions for sanctions that merely dispute Defendants' positions on Woodson's claims or quibble with wholly immaterial information. *See, e.g.*, Dkt. 24; Dkt. 41 at 2. Several times, Woodson filed a slew of documents, only to withdraw or supersede them—including after Defendants incurred the expense of responding to some of them. *See, e.g.*, Dkt. 30 (detailing five such submissions); Dkt. 61 (withdrawing four submissions, Dkt. 24, 41, 29, and 50). This must stop.

Indeed, even excluding the numerous motions that this Court has already resolved, the docket reflects that Woodson has filed **twenty-seven** other motions and related supplements, notices, and requests for relief during the brief pendency of this case. A few of those motions are resolved below, and other others will be addressed via a separate opinion. Regardless, to prevent Woodson's continued unnecessary and improper proliferation of filings on the docket that have created unjustifiable burdens on Defendants and on this Court, Woodson is hereby barred from submitting any new filings without prior permission from this Court. And this Court will not allow Woodson to submit any new filings that revisit issues addressed in or that purport to supplement his earlier filings.

As for Woodson's current motions that remain outstanding—they are too numerous to list individually here—Defendants' response deadlines are stayed until the Court requests a response.

***Woodson's motion to reconsider denial of e-filing privileges, Dkt. 46***. This Court has already denied Woodson's original motion for leave to e-file. Dkt. 30 at 3-4. Woodson's submission of an egregious number of unnecessary or baseless filings even without access to e-filing only reinforces why he should not be allowed to e-file. His request for reconsideration is therefore **DENIED**.

***Woodson's requests for emergency or expedited relief***. On March 2, 2026, the undersigned issued an opinion recommending that Woodson's request for a temporary restraining order or preliminary injunction to block the scheduled March 3, 2026 foreclosure sale be denied, for a host of reasons. *See* Dkt. 73 (Memorandum and Recommendation). Although Woodson filed objections, *see* Dkt. 81 (March 5, 2026), by then the foreclosure sale had already occurred. Both before and after that date, Woodson filed a series of documents asking for "emergency" relief to unwind the foreclosure sale. *See* Dkts. 77, 78, 79, 82, 84, 85, 89; *see also* Dkt. 80 ("Supplemental Notice" related to other foregoing filings); Dkt. 86 ("Memorandum"); Dkt. 90 (affidavit).

There can be no "emergency" at this point. Woodson never obtained relief that would have prevented the foreclosure sale, and that request is now

3

moot.  *See, e.g., Christopher Village, Ltd. P'ship v. Retsinas*, 190 F.3d 310, 314-15 (5th Cir. 1999) (holding a foreclosure sale "effectively moot[s]" a plaintiff's request "for an injunction ... because of th[e] court's inability to fashion adequate relief").  Even if Woodson could ultimately show that the foreclosure sale was invalid, that would simply comprise one aspect of the relief he seeks in this suit and would be addressed alongside his request for damages.

There is no good cause for expedited discovery, much less to revisit the Court's previous denial of Woodson's similar request.  *See* Dkt. 48 (December 15, 2025 renewed request for expedited discovery); Dkt. 38 (December 12, 2025 order denying Woodson's request for expedited discovery, Dkt. 27).  Nor is Woodson entitled to expedited resolution of any relief he seeks.  His requests for relief on an emergency or expedited basis are therefore denied.

## Conclusion

For the foregoing reasons, it is **ORDERED** that

(a)  Woodson **is barred from submitting new or supplemental filings addressing the issues that he has already raised**, including any new requests or arguments supporting emergency relief concerning the foreclosure sale, and

(b)  **Woodson cannot submit <u>any</u> new notice, supplement, motion, or other request for relief without first obtaining the Court's permission**.  To obtain permission, Woodson must first confer with the opposing parties and obtain their position on the matter[1] and then send (not file) a letter (maximum two pages)

---

[1] It is not enough to email or leave a voice message for counsel on the day of filing and state that no response was received.

to the undersigned's case manager explaining why he seeks leave to submit the filing. **Failure to comply with this directive will result in the immediate striking of the unauthorized filing and could result in further sanctions that include dismissal of all claim**s; and

(c)     **The clerk of court is directed to reject all submissions from Woodson unless this Court has explicitly authorized the filing.**

It is further **ORDERED** that Defendants' response deadlines to any of Woodson's motions to which they have yet to respond are hereby **STAYED** unless and until the Court requests a response.

It is further **ORDERED** that Woodson's motion to reconsider the denial of e-filing privileges and for leave to file electronically (Dkt. 46) is denied.

It is further **ORDERED** that Woodson's request for expedited discovery (Dkt. 48) and for "emergency" resolution of his various requests for relief (Dkts. 77, 78, 79, 80, 82, 84, 85, 89, 90) are **DENIED**.

Signed on March 20, 2026, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge

5