United States District Court
Southern District of Texas

**ENTERED**

May 04, 2026

Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| JOSHUA DEANTHONY WOODSON, | § § | CIVIL ACTION NUMBER 4:25-cv-04700 |
| Plaintiff, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| LAKEVIEW LOAN | § | |
| SERVICING, LLC, *et al*, | § | |
| Defendant. | § | |

### ORDER ADOPTING
### MEMORANDUM AND RECOMMENDATION

Plaintiff Joshua DeAnthony Woodson initiated this action on October 1, 2025. Dkt 1. He proceeds here *pro se*. He states seven causes of action. In essence, his complaint concerns default proceedings with respect to his home mortgage. See Dkt 45 (first amended complaint).

Plaintiff currently has twenty pending motions in this action. Only the "Emergency *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction" filed on February 27, 2026, is the subject of this order. Dkt 70.

This matter was referred for disposition to Magistrate Judge Yvonne Y. Ho. She issued a Memorandum and Recommendation recommending that the motion be denied because Plaintiff (i) manufactured any "emergency" by waiting until just before the challenged foreclosure sale to seek relief, and (ii) failed to demonstrate a likelihood of success on the merits. Dkt 73.

Plaintiff filed objections, asserting error in the Memorandum and Recommendation because it (i) found

his chain-of-title argument "irrelevant," (ii) "overlooked record evidence of actual notice" to Defendants, (iii) "penalized Plaintiff for lack of pre-discovery evidence," (iv) found his FDCPA claim barred by law, and (v) ignored the procedural history leading up to the challenged sale. Dkt 81 at 2–4. He also argues that he's suffering an "ongoing constitutional deprivation resulting from denial of e-filing access." Id at 4–9.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Upon *de novo* review and determination, Plaintiff's objections lack merit. Objections one through five fail for reasons stated in the well-reasoned Memorandum and Recommendation. See Dkt 73. His objection regarding electronic filing is also plainly meritless. Plaintiff hasn't been denied "meaningful access to the courts," nor does the Constitution guarantee a right to electronic filing for *pro se* litigants. To the contrary, Plaintiff has over *twenty* motions and related filings currently pending. The excessive volume of his recent filings undercuts any claim of deprivation in that regard. See Dkt 91 (order on proliferate filings).

The objections by Plaintiff to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 81.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 73.

The motion by Plaintiff Joshua Woodson for temporary restraining order is DENIED. Dkt 70.

SO ORDERED.

Signed on __May 04, 2026__, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge

3